# Neale, Appellant, v. Neale.

*Divorce—Desertion—Consentable separation.*

Where a husband has consented to a separation, he cannot in subsequent proceedings for divorce against his wife, successfully allege wilful desertion, where the evidence shows that she offered to return to him and live with him in any house which he would provide for her as a bona fide home.

Argued April 22, 1918.  Appeal, No. 20, April T., 1918, by plaintiff, from decree of C. P. Allegheny Co., July T., 1916, No. 2370, dismissing libel in divorce in case of James Neale v. Hannah Mary Neale.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Libel in divorce for desertion.

*Error assigned* was decree dismissing the libel.

*William M. Hall,* for appellant.

· *Lee C. Beatty,* for appellee.

OPINION BY TREXLER, J., July 10, 1918:

In 1913, the parties to this suit were living at the Schenley Hotel, Pittsburgh.  In November of that year the libellant gave up his rooms at the hotel, and went to housekeeping in his own home on Devonshire street. The respondent also had a place on Highland avenue which she proposed to fit up for housekeeping.  She lived with him a short time in his own home and on June 12, 1914, the day of desertion fixed in the libel, she went to her home on Highland avenue.  This separation did not interrupt their friendship and they took meals together for several months.  During the summer and fall of that year they took automobile trips together staying over night.  The master does not consider this as dis-

proving desertion on her part, but we cannot agree with him. We share the views of the lower court that up to this time there was nothing that would prove that the wife maliciously deserted her husband. On June 3, 1916, the wife wrote to her husband, using the following terms, "My dear Jim, It has been explained to me that technically I have left you, deserted you in the eyes of the law. How far this is from being the actual fact, no one knows better than you do yourself." Further on she says, "I will make you an offer. I will return to live with you, at your house, or any house you may designate, provided it be a bona fide home, and you conduct yourself in some little measure as a husband should. I will await your answer at my sister's here in Massillon where you may address me at 718 Cherry street." On June 29, 1916, the libel was filed. It is true that in the above letter, only part of which is quoted, she refers to certain inattention of her husband and expresses a desire to let things run as they had been. She nevertheless was willing to live with him. The libellant did not answer this letter. The separation that preceded it seems to us to have been consentable. There is not sufficient in this case to show that there was a wilful and malicious desertion on the part of the wife.

The assignments of error are overruled and the decree of the court dismissing the libel is affirmed.